**Sean N. Egan (# 7191)**
*seannegan@sneganlaw.com*
Parkside Tower – Suite 950
215 South State Street
Salt Lake City, Utah 84111-2374
Telephone:  (801) 363-5181
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF UTAH

| | |
|---|---|
| TRIEU, LLC, a Tennessee limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> VENETIAN NAILS SPA, LLC dba VENETIAN NAILS SPA, a Utah limited liability company and THANH NHUNG TRAN, a/k/a HENRY TRAN, <br><br> Defendants. | **TRIEU'S COMPLAINT AND JURY DEMAND** <br><br><br> Civil No. _____ <br><br> Honorable _____ |

Plaintiff, Trieu, LLC ("Trieu"), by and through undersigned counsel, alleges the following in its Complaint against Defendants Venetian Nails Spa, LLC ("VNS") and Thanh Nhung Tran, a/k/a Henry Tran ("Tran"), as follows:

## NATURE OF ACTION

1.      This is an action for trademark infringement, false designation of origin, passing off, usage of counterfeit mark, and dilution under the Lanham Act, 15 U.S.C. §1114, 1125(a), 1125(c); violation of the Utah Unfair Competition Act Pursuant to Utah Code Ann. § 13-5a-102;

and common law unfair competition, whereby Plaintiff, Trieu, LLC is seeking an injunction against the illegal infringement activities of Defendants, in addition to monetary damages and treble damages as allowed under the Lanham Act and Utah statutes.

## PARTIES

2.      Plaintiff, Trieu, LLC is a Tennessee Limited Liability Company with a principal place of business at 2868 N. University Dr., Coral Springs, FL 33065-1427.

3.      Defendant Venetian Nails Spa, LLC is a Utah limited liability company, with a principal place of business at 1840 East 9400 South, Sandy, Utah 84093. According to the State of Utah records, Venetian Nails Spa was registered on September 6, 2016, with a registered agent Tiffany Nguyen.

4.      Upon information and belief, VNS is doing business as Venetian Nails Spa.

5.      Defendant Thanh Nhung Tran, a/k/a Henry Tran, is the owner and operator of VNS.

6.      Upon information and belief, Tran is an individual who now, and at all times relevant herein, was a citizen or permanent resident of the United States, citizen of the State of Utah, and is domiciled in Utah.

## JURISDICTION

7.      As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this matter under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

8.      As this case relates to unfair trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

9.     This Court also has jurisdiction pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.    This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

11.    This Court has personal jurisdiction over Defendants, as one is a Utah limited liability company with a principal place of business in Utah, and the other is domiciled in Utah.

## VENUE

12.    Venue is proper in this District under 28 U.S.C. §1391(b) and 1391(c) in that Defendants are residents of, or transact business in, the District of Utah.

## TRADEMARKS-IN-SUIT

13.    Plaintiff Trieu, LLC is currently the owner of four registered trademarks (the "Registered Trademarks").

14.    Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for infringement, of United States Trademark Registration No. 3,192,012 on the Principal Register for the word mark VENETIAN NAIL SPA for "nail salon services, health day spa services, located in a commercial shopping plaza and not in a hotel or casino, namely cosmetic body care services, facials, massages, manicures, and pedicures." The priority date of this registration is August 15, 2005.  A true and accurate copy of the registration is attached hereto as Exhibit "A" and incorporated by reference.

15.    An image of the VENETIAN NAIL SPA word mark is depicted below:

# VENETIAN NAIL SPA

16.    The VENETIAN NAIL SPA word mark has been in continuous use since at least January 2, 2007 when it was registered on the Principal Register, and thus the registration is incontestable under the provisions of 15 U.S.C. §1065 in that Section 8 and 15 Affidavits were timely filed with the United States Patent and Trademark Office.

17.    Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 4,563,433 on the Principal Register for the composite mark consisting of a stylized "V" made up of three semi-circular lines and three dots above the words, "VENETIAN NAIL SPA", with a horizontal line separating "Venetian" from "Nail Spa," for use in accordance with "day spa services, namely, nail care, manicures, pedicures, and nail enhancements." The priority date of this registration is November 13, 2013. A true and accurate copy of the registration is attached hereto as Exhibit "B" and incorporated by reference.

18.    An image of the composite mark is depicted below:



19.    The composite mark has been in use since December 1, 2007, and in commercial use since February 1, 2008.

20.    Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 4,555,957 on the Principal Register for the design mark consisting of a stylized "V" made up of three semi-circular lines and three dots for use in accordance with "day spa services, namely, nail care, manicures, pedicures, and nail enhancements." The priority date of this registration is November 15, 2013.   A true and accurate copy of the registration is attached hereto as Exhibit "C" and incorporated by reference.

21.    An image of the "V" logo is depicted below:



22.    The "V" logo has been in use since December 1, 2007, and in commercial use since February 1, 2008.

23.    Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 4,567,557 on the Principal Register for the word mark VENETIAN for use in accordance with "day spa services, namely, nail care, manicures, pedicures, and nail enhancements." The

priority date of this registration is November 21, 2013.  A true and accurate copy of the registration is attached hereto as Exhibit "D" and incorporated by reference.

24.     An image of the Venetian word mark is depicted below:

# VENETIAN

25.     The VENETIAN word mark has been in use since December 1, 2007, and in commercial use since February 1, 2008.

## FACTUAL BACKGROUND

26.     Plaintiff and its licensees currently owns and operates, through authorized licensees, 48 licensed cosmetology salons in the States of Alabama, Colorado, Florida, Iowa, Kentucky, Michigan, Missouri, Ohio, Tennessee, and Texas that provide manicures, pedicures, facials and waxing services.

27.     Plaintiff and its predecessor in interest have expended significant sums of money to promote and advertise its business under the Registered Trademarks.

28.     More specifically, Plaintiff, and its predecessor in interest, have advertised and used the Registered Trademarks in physical and online advertisements.

29.     Defendants advertise, promote, sell, and offer to sell manicures, pedicures, facials, and waxing services by using the Registered Trademarks.

30.     Plaintiff is one of the largest chains of cosmetology salons in the nation.

31.     Upon information and belief, at least one of the principals behind VNS, Thanh Nhung Tran, was employed by one of Trieu's Venetian Nail Spas in Coconut Creek, Florida, from September 2015 to October 2016, prior to opening VNS.

32.     Upon information and belief, Tran became familiar with the use of the Venetian trademarks by Plaintiff during his employment at the Coconut Creek, Florida location.

33.     Plaintiff and Defendants advertise, promote, sell, and offer to sell manicure, pedicures, facials, and waxing services and are thus in identical industries.

34.     Images of Plaintiffs' use of the trademarks are depicted below:



35.     Images of Defendants' infringing use are depicted below:



36.     After becoming aware of Defendants' illegal usage of Plaintiff's Registered Trademarks, Plaintiff requested that Defendants immediately stop using the Registered Trademarks via a cease and desist letter.

37.     Defendants, with full knowledge of Plaintiff's marks, have refused Plaintiff's request to stop using the Registered Trademarks, thereby making the use and continued use of the Registered Trademarks deliberate, willful and wanton.

38.     Plaintiff has never authorized or licensed Defendants to use the Registered Trademarks nor any confusingly similar derivative of them.

39.     Plaintiff performed all conditions precedent to be performed by Plaintiff, or the conditions have occurred.

40.     Plaintiff has been forced to retain the undersigned law firm for representation in this action.

## COUNT I

### (Direct Trademark Infringement Pursuant to 15 U.S.C. § 1114)

41.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 40 above, as if fully set forth herein.

42.     Defendants have used in commerce, reproductions, counterfeit, copies, and/or colorable imitations of plaintiff's Registered Trademarks in connection with the promotion, advertising, sale, and offering for sale of its services.

43.     Defendants' branding comprises of counterfeit, spurious marks which are identical with, or substantially indistinguishable from Plaintiff's Registered Trademarks, such that it is likely to cause confusion.

44.     As a direct and proximate result of defendant's infringing use of Plaintiff's Registered Trademarks, Plaintiff has lost goodwill associated with its registered marks.

45.     Plaintiff will be irreparably damaged by continued loss of goodwill and loss of control over the reputation of its marks unless defendant is prevented from continuing to promote, advertise, sell, or to offer for sale its services associated with the intentionally and confusingly similar marks.

46.     Defendant has thereby created a likelihood of confusion in the market place that will continue and increase if defendant is permitted to continue its unauthorized use and misappropriation of Plaintiff's Registered Trademarks.

47.     Defendant adopted the marks, upon information and belief, with knowledge of Plaintiff's prior usage, and have thereby infringed Plaintiff's marks willfully and with wanton disregard of Plaintiff's rights, and will continue to do so unless enjoined.

48.     Once Defendants' infringing conduct was brought to its attention by Plaintiff, Defendants refused to stop using the Registered Trademarks and made a deliberate decision to continue using Plaintiff's registered marks to advertise, promote, offer for sale, and sell its services.

49.     Defendant's use and continued use of the registered marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

50.     Plaintiff has been damaged and is likely to be further damaged by Defendants' infringing acts and that damage will be irreparable unless Defendants' conduct is enjoined.

## COUNT II

### (Infringement, Direct Unfair Competition, False Designation of Origin, Passing Off Pursuant to 15 U.S.C. §1125(A))

51.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 50 above, as if fully set forth herein.

52.     Plaintiff has used its Registered Trademarks in interstate commerce to advertise, promote, and distinctly identify its manicure, pedicure, facials, and waxing services.

53.     Defendants have adopted plaintiff's Registered Trademarks to promote its manicure, pedicure, facials, and waxing services.

54.     Plaintiff's use of its Registered Trademarks in interstate commerce pre-dates defendant's adoption and use of the marks.

55.     Defendants' unauthorized use of the marks is likely to cause confusion, mistake, or to deceive customers as to plaintiff's affiliation, connection, association, sponsorship, or approval of defendant's services, all in violation of 15 U.S.C.§ 1125(a).

56.     Plaintiff has been damaged and is likely to be further damaged by Defendants' infringing acts and that damage will be irreparable unless Defendants' conduct is enjoined.

57.     Once Defendants' infringing conduct was brought to its attention, Defendant refused to stop using the marks and made a deliberate decision to continuing using the marks to advertise, promote, offer for sale, and sell its services.

58.     Defendants' use and continued use of the marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights while designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

59.     The goodwill of the Registered Trademarks is of enormous value, and unless defendant is restrained from continuing its unfair competition, false designation of origin, and passing off, Plaintiff will suffer irreparable injury.

60.     Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

61.     Likewise, Plaintiff is entitled to compensation from defendant for past unfair competition, false designation of origin, and passing off.

## COUNT III

### (Direct Federal Trademark Dilution Pursuant to 15 U.S.C. § 1125(C))

62.     Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 61 as if fully stated herein.

63.     Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Registered Trademarks by eroding the public's exclusive identification of these famous marks with Plaintiff's services, tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish services.

64.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Registered Trademarks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

65.     The trademark dilution has caused injury to Plaintiff in the form of lost business reputation.

66.     Plaintiff is entitled to a permanent injunction against defendant, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages.

67.     Likewise, Plaintiff is entitled to compensation from defendant for its past dilution.

## COUNT IV

### (Violation of Utah Unfair Competition Act Pursuant to Utah Code Ann. § 13-5a-102)

68.     Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 67 as if fully stated herein.

69.     Defendants have engaged in unfair competition by intentionally using Plaintiff's name and marks to trade on Plaintiff's long-standing and hard-earned goodwill in its name and marks, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' services and to pass their services off as those of Plaintiff.

70.     Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants and their salon with those of Plaintiff, and as to the origin, sponsorship or approval of Defendants and their services.

71.     Defendants had direct and full knowledge of Plaintiff's prior use of and rights in Plaintiff's marks before the acts complained of herein.

72.     Defendant's unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by Plaintiff in its marks.

73.     As a result of Defendants' aforesaid conduct, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law

## COUNT V

### (Unfair Competition Common Law)

74.    Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 73 as if fully stated herein.

75.    Plaintiff possesses a Registered Trademark that is a protectable right.

76.    Defendants are making commercial use in commerce Plaintiff's Registered Trademarks without consent.

77.    The use by Defendants of Plaintiff's Registered Trademarks are likely to cause confusion, mistake, or deceive as to the source of origin, nature, or quality of those goods or services.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A.    Finding that (i) Defendants have violated 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c); (ii) Defendants have violated Utah Code Ann. § 13-5a-102; and (iii) Defendants have committed unfair competition under the common law of Utah.

B.    Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116 and 17 U.S.C. § 502 permanently restraining and enjoining Defendants, its officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

    1.    advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services in conjunction with Plaintiff's

registered marks or any other mark or design element substantially similar or confusing thereto;

2.     engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with Plaintiff's registered marks;

3.     engaging in any other activity that will cause the distinctiveness of Plaintiff's marks to be diluted.

C.     Requiring Defendants to file with this Court and serve on plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, have been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E.     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) or in the alternative its actual damages suffered as a result of Defendants' actions;

F.     Awarding actual damages to which it is entitled under applicable federal and state laws;

G.     Awarding treble damages to which it is entitled under 15 U.S.C. § 1117(b);

H.      Awarding prejudgment interest on any monetary award made part of the judgment against Defendants; and

I.      Awarding Plaintiff such additional and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to U. R. Civ. P. 38, plaintiff respectfully requests a trial by jury for all matters so triable.

DATED this 11th day of August, 2017.


By ___ /s/ Sean N. Egan _____
       Sean N. Egan
       *Attorney for Plaintiff*

# Exhibit A

# United States of America

### United States Patent and Trademark Office

# VENETIAN NAIL SPA

**Reg. No. 3,192,012**

**Registered Jan. 2, 2007**

**Amended Jan. 10, 2012**

**Int. Cl.: 44**

TRIEU, LLC (TENNESSEE LIMITED LIABILITY COMPANY)
1106A BILTMORE DR.
NASHVILLE, TN 37204

FOR: [ HAIR SALON, ] NAIL SALON SERVICES, HEALTH DAY SPA SERVICES, LOCATED IN A COMMERCIAL SHOPPING PLAZA AND NOT IN A HOTEL OR CASINO, NAMELY, COSMETIC BODY CARE SERVICES, [ BARBER SERVICES, ] FACIALS, MASSAGES, MANICURES AND PEDICURES, IN CLASS 44 (U.S. CLS. 100 AND 101).

**SERVICE MARK**

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NAIL SPA", APART FROM THE MARK AS SHOWN.

SER. NO. 78-692,412, FILED 8-15-2005.



Director of the United States Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

>  ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

>  ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

>  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
### reminder of these filing requirements.

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# Exhibit B

# United States of America

## United States Patent and Trademark Office



## V E N E T I A N
### N   A   I   L       S   P   A

**Reg. No. 4,563,433**

**Registered July 8, 2014**

TONY TRIEU (UNITED STATES INDIVIDUAL)
2868 N UNIVERSITY DR
CORAL SPRINGS, FL 33065

**Int. Cl.: 44**

FOR: DAY SPA SERVICES, NAMELY, NAIL CARE, MANICURES, PEDICURES AND NAIL ENHANCEMENTS, IN CLASS 44 (U.S. CLS. 100 AND 101).

**SERVICE MARK**

FIRST USE 12-1-2007; IN COMMERCE 2-1-2008.

**PRINCIPAL REGISTER**

OWNER OF U.S. REG. NO. 3,192,012.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NAIL SPA", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED "V" MADE UP OF THREE SEMI-CIRCULAR LINES AND THREE DOTS ABOVE THE WORDS "VENETIAN NAIL SPA" WITH A HORIZONTAL LINE SEPARATING "VENETIAN" FROM "NAIL SPA".

SER. NO. 86-118,135, FILED 11-13-2013.

WENDY GOODMAN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and an** Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and an** Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

### The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

# Exhibit C

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,555,957**

**Registered June 24, 2014**

TONY TRIEU (UNITED STATES INDIVIDUAL)
2868 N. UNIVERSITY DR
CORAL SPRINGS, FL 33065

**Int. Cl.: 44**

FOR: DAY SPA SERVICES, NAMELY, NAIL CARE, MANICURES, PEDICURES AND NAIL ENHANCEMENTS, IN CLASS 44 (U.S. CLS. 100 AND 101).

**SERVICE MARK**

FIRST USE 12-1-2007; IN COMMERCE 2-1-2008.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF A STYLIZED "V" MADE UP OF THREE SEMI-CIRCULAR LINES AND THREE DOTS ARRANGED NEAR THE SEMI-CIRCULAR LINES.

SER. NO. 86-120,041, FILED 11-15-2013.

WENDY GOODMAN, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and an** Application for Renewal between the 9th and 10th years after the registration date.*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

# Exhibit D

# United States of America

### United States Patent and Trademark Office

# VENETIAN

**Reg. No. 4,567,557**

**Registered July 15, 2014**

TRIEU, TONY (UNITED STATES INDIVIDUAL)
2868 N. UNIVERSITY DR
CORAL SPRINGS, FL 33065

**Int. Cl.: 44**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FOR: DAY SPA AND NAIL SALON SERVICES, NAMELY, COSMETIC BODY CARE SER-
VICES, NAIL CARE, MANICURES, PEDICURES, NAIL ENHANCEMENTS, FACIALS, AND
MASSAGES, LOCATED IN A COMMERCIAL SHOPPING PLAZA AND NOT IN A HOTEL
OR CASINO, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 7-1-2003; IN COMMERCE 7-1-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,192,012.

SER. NO. 86-125,449, FILED 11-21-2013.

WENDY GOODMAN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and an Application for Renewal between the 9th and 10th years after the registration date.\*** *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and an** Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**